**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4253**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARTHUR SHANE DOUVILLE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00086-MR-WCM-1)

Submitted:  May 31, 2024                                      Decided:  July 16, 2024

Before HARRIS and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF:** Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Douville pled guilty to possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Douville to 188 months' imprisonment and three years of supervised release. The court also ordered Douville to pay a special assessment of $100. Douville timely appealed but, while the appeal was pending before this court, Douville died.

We have held that an appellant's death "pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception. In such a case, the appeal is dismissed and the cause remanded to the district court with instructions to vacate the judgment and to dismiss the indictment." *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984) (citations and internal quotation marks omitted), *abrogated on other grounds by Nelson v. Colorado*, 581 U.S. 128 (2017). Further, in light of the Supreme Court's ruling in *Nelson*, 581 U.S. at 130, 134-39 (holding that due process is violated by state statutes requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain refund of costs, fees, and restitution paid pursuant to invalid convictions), the death of a defendant during pendency of a direct appeal also requires abatement of orders of restitution and forfeiture, and a refund of any paid portion of a special assessment.

Accordingly, we dismiss the appeal as moot. We remand to the district court with instructions to vacate Douville's conviction and sentence, including the imposition of the special assessment, to refund any portion of the special assessment that has already been paid, and to dismiss the bill of information relating to the underlying conviction. We

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*